```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

ARRIVALSTAR S.A., et al.,      )
                               )
          Plaintiffs,          )
                               )
     v.                        )     No.  11 C 1516
                               )
CES WIRELESS TECHNOLOGIES CORP.,)
                               )
          Defendant.           )
```

<u>MEMORANDUM</u>

This patent infringement action has been brought by two literally foreign corporations--Luxembourg corporation ArrivalStar S.A. ("ArrivalStar") and British Virgin Islands corporation Melvino Technologies Limited--against CES Wireless Technologies Corp. ("CES").  This memorandum is issued sua sponte because of what appears to be the problematic institution of this litigation in this judicial district.

Complaint ¶9 reveals that CES is also a "foreign" corporation, this time in the familiar colloquial sense that it was not incorporated in Illinois:

> Defendant CES Wireless is a Maryland Corporation with a place of business at 925-122 S. Semoran Blvd., Winter Park, Florida 32792.  CES Wireless transacts business and has, at a minimum, offered to provide and/or provided in this judicial district and throughout the State of Illinois services that infringe claims of the '859, '606, '359, '645, and '058 patents.

That attenuated Illinois connection does not qualify as the predicate for its being sued here under the specific patent venue

statute, 28 U.S.C. §1400(b)[1]:

> Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

In that respect, for many years the caselaw (including a Supreme Court decision) held that "the judicial district where the defendant resides" for purposes of Section 1400(b) meant <u>only</u> the state where a defendant corporation had been incorporated. That being so, CES would not meet the Section 1400(b) standards (note that Complaint ¶9 does not bring the statutory alternative into play, because CES is not alleged to have an established place of business here in Illinois.

It might normally be expected that such a specifically focused enactment as Section 1400(b) would prevail over a more general venue provision such as Section 1391, under which (1) a federal-question lawsuit may be brought in any judicial district where the only defendant "resides" (Section 1391(b)(1)) and (2) a corporate defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction (Section 1391(c)).  But since the enactment of the current version of Section 1391, caselaw development has allowed its provision to coexist with, and thus to override, the more restrictive Section

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

2

1400(b). Although the Supreme Court has not had occasion to weigh in on the subject, the Federal Circuit has taken that position and our Court of Appeals has ruled that the provisions of Section 1391(b) and (c) prevail over the copyright venue provisions set out in Section 1400(a).[2]

In any event, the situation appears to be such that this Court's issuance of its customary initial scheduling order is appropriate. If the placement of this litigation in this judicial district is to be questioned, it would seem that the most likely candidates are a challenge to in personam jurisdiction over CES or a CES motion for transfer under Section 1404(a).

```
                               _____
                               Milton I. Shadur
                               Senior United States District Judge
```

Date:  March 9, 2011

---

[2] That last determination is not wholly precedential as to patent litigation, for it permits suit against the claimed copyright infringer not only in its district of residence but also where it "may be found"--and that, of course, is substantively no different from the Section 1391 test.